# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICHARD O'HARA,
        Petitioner,

v.                                                  Case No. 03-C-1400
                                                    (Criminal Case No. 00-CR-170)

UNITED STATES OF AMERICA,
        Respondent.

## ORDER

Petitioner Richard O'Hara has filed a notice of appeal of my April 21, 2006 Order dismissing his second Fed. R. Civ. P. 60(b) motion and my May 10, 2006 Order denying his motion to reconsider the dismissal under Fed. R. Civ. P. 59(e). He requests a certificate of appealability ("COA").

When a § 2255 petitioner files a notice of appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). This includes appeals from orders denying Rule 60(b) motions to re-open a § 2255 judgment. Eltayib v. United States, 294 F.3d 397, 399 (2d Cir. 2002).

The COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). When a district court dismisses a motion based on procedural grounds without reaching the underlying constitutional claims, a COA

"should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484; see also Eltayib, 294 F.3d at 399 (holding that a COA should issue in a case involving a Rule 60(b) motion only if the petitioner shows that (1) it is debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) it is debatable whether the underlying habeas petition states a valid claim of the denial of a constitutional right).

In the present case, I dismissed petitioner's second Rule 60(b) motion for lack of jurisdiction because it was a successive collateral attack for which he had not obtained permission from the court of appeals. See, e.g., Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004); Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002). Petitioner attempts to bring his motion within the ambit of Gonzales v. Crosby, 125 S. Ct. 2641 (2005), arguing that it challenged my ruling on the AEDPA statute of limitations bar. But I did not deny his original § 2255 motion as untimely or on any other procedural ground. To the contrary, I denied the original § 2255 motion on the merits. I then dismissed both of his subsequent Rule 60(b) motions for lack of jurisdiction because they went to the merits of his claim rather than some procedural mistake.

Petitioner also contends that I erred in construing his Rule 59(e) motion to reconsider. However that motion was labeled and construed, I considered and rejected his arguments that I had erred in dismissing the Rule 60(b) motion.

Finally, petitioner argues that his contention of actual innocence of his sentence is supported by an intervening change in the law made retroactive to cases on collateral

2

review. However, the case he cites, Dretke v. Haley, 541 U.S. 386 (2004), concerned procedural default, not second or successive petitions; the Court did not address retroactivity; and the Court declined to extend the actual innocence exception to enhanced, non-capital sentences.[1] Nor, for the reasons given in my previous Orders, does Apprendi or its progeny apply to petitioner's sentence claim.

For these reasons and those stated in my April 21 and May 10, 2006 Orders, my dismissal of the second Rule 60(b) motion is not debatable among jurists of reasons, and this case should not proceed further.

**THEREFORE, IT IS ORDERED** that petitioner's request for a certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of May, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[1] In any event, although a new rule of law made retroactive to cases on collateral review by the Supreme Court allows the court of appeals to certify a successive § 2255 motion, 28 U.S.C. § 2255 ¶ 8(2), it does not grant jurisdiction to the district court.

3